```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
SHRIKUMAR PODDAR, individually and as
plan administrator and trustee;
MAYURIKA PODDAR, individually and as
trustee; VAISHNAVA CENTER FOR
ENLIGHTENMENT, INC., d.b.a.
INTERNATIONAL SERVICE SOCIETY; and
INDIA FOUNDATION, INC. on behalf of
themselves and all others similarly
situated,                                      MEMORANDUM OPINION

                       Plaintiffs,     98 Civ. 1691(MGC)

        -against-

STATE BANK OF INDIA,

                       Defendant.
----------------------------------------X

APPEARANCES:

        KOSKOFF, KOSKOFF & BIEDER
        Attorneys for Plaintiffs
        350 Fairfield Avenue
        Bridgeport, Connecticut 06604

        By:  Neal DeYoung, Esq.

        LAW OFFICES OF H. RAJAN SHARMA
        Attorneys for Plaintiffs
        320 E. 73rd Street
        New York, New York 10021

        By:  H. Rajan Sharma, Esq.

        KELLEY DRYE & WARREN LLP
        Attorneys for Defendant
        101 Park Avenue
        New York, New York 10178

        By:  Paul F. Doyle, Esq.
             Joel Hankin, Esq.
```

**CEDARBAUM, J.**

This is a class action for breach of the terms of bonds purchased from defendant, State Bank of India ("SBI"). Defendant moves to dismiss this action based on equitable grounds, or in the alternative seeks an order requiring plaintiffs to show cause why an $18,000 settlement is inequitable and to post bond in the amount of $600,000. For the reasons that follow, defendant's motion is denied.

## DISCUSSION

I.   Motion to Dismiss

Defendant moves to dismiss this class action based solely on allegations of "inequitable, vexatious and harassing" litigation by plaintiffs. Throughout the course of this ten year litigation, plaintiffs have changed counsel numerous times and failed to prosecute their claims for periods lasting several months. Defendant asks that the court exercise its inherent equitable powers to dismiss the case based on plaintiffs' litigation conduct.

Defendant has not moved to dismiss for failure to prosecute because plaintiff has periodically sought to move forward, usually when a new lawyer appears. Moreover, I do not find that the delay in the prosecution of this case is due solely to plaintiffs' procrastination. Rather, during those periods of time where the case reached a standstill,

defendant often took no action to move it forward. Although the case is not yet ripe for dismissal, decertification of THE class may soon be an appropriate remedy.

## II.  Motion For Order to Show Cause

Defendant also moves for an order to show cause why an $18,000 settlement fund is inequitable. A settlement is a mutual agreement to end a lawsuit. There is no such agreement between the parties in this case. Therefore, defendant's motion to show cause is denied.

## III.  Motion for Order Requiring Plaintiffs' Counsel to Post $600,000 Bond

Finally, Defendant moves for an order requiring plaintiffs and their counsel to post bond in the amount of $600,000 in order to make certain that the State Bank will be able to recoup costs should it successfully defend this action and be entitled to recover against plaintiffs and their counsel for sanctions, including attorneys' fees. This motion has previously been made and denied. As I have previously held, defendant has not made the requisite showing that the circumstances in this case warrant requiring plaintiffs to post security. Poddar v. State Bank of India, 235 F.R.D. 592, 596-9 (S.D.N.Y 2006). Plaintiff has not proffered any new authority or evidence supporting

its motion. The motion for an order requiring plaintiffs to post a bond is therefore denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for equitable relief and to require plaintiffs to post a bond is denied. However, this case is now scheduled for trial on September 23, 2009 at 9:30 a.m. Unless plaintiffs are prepared to properly represent the class at that time, the class will be decertified and the case will be tried for the named plaintiffs only.

Dated:   New York, New York
         March 27, 2009

                                      S/_____
                                        MIRIAM GOLDMAN CEDARBAUM
                                        United States District Judge